**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KATARAH S. BARGE,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-CV-02760-ABD-DH** |
| | § | |
| **THE NOW MASSAGE,** *Defendant* | § | |

**ORDER**

Before the Court is Plaintiff Katarah S. Barge's motion for appointment of counsel. Dkt. 2. Barge, who is proceeding pro se, alleges that Defendant The Now Massage violated Title VII by retaliating against her and terminating her employment based on her complaints of sex-based discrimination. Dkt. 1, at 3.

The Court has the authority to appoint "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a party is not entitled to appointment of counsel as a right in a civil action. *See Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) ("[T]he appointment of counsel in civil case is a privilege and not a constitutional right."). Rather, a federal court has considerable discretion in determining whether to appoint counsel in a civil case. *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990); *see also* 28 U.S.C. § 1915(e)(1) (noting that court may request attorney to represent person unable to afford counsel). When the individual's action is not brought pursuant to a statute which explicitly authorizes the appointment of counsel, the court may appoint counsel in "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also Jackson v.*

*Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (explaining that appointment of counsel is appropriate only in exceptional cases). The burden of persuasion rests on the party requesting counsel. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977).

In deciding whether to grant the request for appointment of counsel a court should consider: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting and investigating her case; (3) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses; and (4) the likelihood that appointment of counsel will benefit the court and the litigants. *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Barge does not identify exceptional circumstances warranting the appointment of counsel at this time, *see* Dkt. 2, and the Court finds none. While Barge's complaint implicates her rights under Title VII, the facts of her case are relatively straightforward: she alleges that Defendant The Now Massage retaliated against her and terminated her employment because she complained of sex-based discrimination. *See* Dkt. 1. Barge also has not shown that she is incapable of adequately presenting and investigating her case. *See id.* Additionally, while there is a possibility of conflicting evidence, there is no indication at this time that any particular skill in the presentation of evidence or cross-examination will be required in Barge's case. *See id.*; *Cooper*, 929 F.2d at 1084. While the appointment of counsel

could benefit Barges and the Court, it is not clear that appointment of counsel is necessary for Barges to have her fair day in court.

Accordingly, the Court **DENIES** Barges's motion to appoint counsel, Dkt. 2, without prejudice. Barges may reurge her motion if this case survives dismissal after dispositive motions are filed and resolved.

The referral of this case to the Magistrate Judge should now be canceled.

SIGNED October 26, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE